UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ECKHARD BERNARDY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ROBERT POWELL,<br><br>　　　　　　Defendant. | Case No.  C04-5604 RJB<br><br>ORDER DENYING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS, LACHES AND EQUITABLE ESTOPPEL |

This matter comes before the Court on Defendant's Cross Motion for Summary Judgment on Statutes of Limitations, Laches and Equitable Estoppel. Dkt. 41. The court has considered the pleadings filed in support of and in opposition to the motion and the file herein, and has determined that these motions may be resolved without oral argument.

## PROCEDURAL HISTORY

On November 8, 1994, U.S. Patent No. 5,361,570 (the '570 patent) was issued to Plaintiff Eckhard Bernardy for a brush cutting blade. On July 28, 1997, Defendant Robert Powell filed an application in Canada for the brush cutting blade with an improvement (improved blade). On November 17, 1997, Defendant Powell filed a U.S. patent application, Serial No. 08/971,454, for the improved blade and claimed priority to the Canadian patent application. On March 2, 1998, Plaintiff Bernardy filed a patent application entitled Rotary Shredding Blade and assigned Serial No. 09/035,936 (the '936 application), which requested a patent for the improved blade. On March 2, 1999, U.S. Patent No.

5,876,700 (the '700 patent) was issued to Defendant Powell for the improved blade that was not covered by the '570 patent.

On March 10, 2000, Plaintiff Bernardy filed a civil action against Defendant Powell's business in the United States District Court for the Western District of Washington, *Simplar v. Powell*, C00-5144RJB, alleging that Defendant Powell had defrauded Plaintiff Bernardy by, among other things, stealing Plaintiff Bernardy's invention and falsely claiming it to be his own. During the course of those proceedings, Defendant Powell filed documents asserting essentially the same facts that he now raises in the counterclaims in the instant actions. *Simplar v. Powell*, C00-5144RJB, Dkt. 27, as compared to *Bernardy v. Powell*, C04-5604RJB, Dkt. 34. On January 2, 2001, the court granted Plaintiff Bernardy's motion for voluntary dismissal without prejudice. *Simplar v. Powell*, C00-5144RJB, Dkt. 31.

On April 4, 2001, Plaintiff Bernardy filed an interference proceeding (Interference No. 104,671) with the Board of Patent Appeals and Interferences (BPAI) of the U.S. Patent and Trademark Office, between the claims in Plaintiff Bernardy's '936 application and Defendant Powell's '700 patent. The action before the BPAI was to determine who was the first inventor of the improvements claimed by both Plaintiff Bernardy and Defendant Powell. On June 30, 2004, the BPAI awarded priority to Defendant Powell on the claims in the '700 patent. Plaintiff Bernardy filed for reconsideration, and, on July 22, 2004, the BPAI confirmed its prior decision.

On September 21, 2004, Plaintiff Bernardy filed this action for patent interference and patent infringement. Dkt. 8. Plaintiff's complaint asserts (1) a claim for *patent interference* under 35 U.S.C. § 146, seeking a judgment granting Plaintiff full rights to the '700 patent; and (2) a separate claim for *patent infringement,* seeking a declaratory judgment of ownership of the '700 patent, an injunction against Defendant preventing the use or sale of the underlying product, and the equitable remedies of restitution, accounting and disgorgement. On December 9, 2004, Defendant Powell filed counterclaims against Plaintiff Bernardy. Dkt. 11.

On August 22, 2005 and September 12, 2005, Plaintiff and Defendant filed motions for summary judgment regarding the underlying issues of priority and inequitable conduct. Dkts. 37 & 42, respectively. On September 19, 2005, the court denied those motions. Dkt. 53. On August 22, 2005, Plaintiff Bernardy also filed a motion to dismiss Defendant Powell's counterclaims as barred by the statute of

1  limitations. Dkt. 32. On September 19, 2005, the court granted that motion and dismissed the
2  counterclaims. Dkt. 53. On September 12, 2005, in Defendant Powell's response to Plaintiff's motion
3  to dismiss the counterclaims, Defendant Powell filed a cross motion for summary judgment, requesting
4  that the court dismiss all of Plaintiff's claims as time barred. Dkt. 41. The court renoted this motion
5  consideration for October 7, 2005.

## MOTION FOR SUMMARY JUDGMENT

Defendant's Cross Motion for Summary Judgment (Dkt. 41) requests that the Court dismiss Plaintiff's claims for patent interference and patent infringement as (1) barred by the applicable statutes of limitations, and/or (2) barred by Defendant's affirmative defenses of laches and equitable estoppel.

Defendant contends that the statute of limitations for patent infringement is derived from the law of the state in which the action is commenced. Defendant cites *Campbell v. City of Haverhill*, 155 U.S. 610 (1895) as authority for this assertion, arguing that state law, rather than federal patent law, should apply to Plaintiff's claims for patent infringement. Defendant further contends that, since Plaintiff's claims are based in tort and oral contract law, the applicable Washington statute of limitations is three years pursuant to RCW 4.16.080(2) and/or RCW 4.16.080(3).

Defendant's Cross Motion for Summary Judgment also appears to raise the issues of laches and equitable estoppel as affirmative defenses. Because these defenses are closely related to the timing of Plaintiff's claims, and because the Court may construe Defendant's motion broadly, the Court has included the issues of laches and equitable estoppel in its analysis of whether Plaintiff's claims are time-barred.

Plaintiff contends that the state's statutes of limitations do not apply to federal patent claims. Plaintiff further contends that, in this case, the applicable federal statutes of limitations do not bar Plaintiff's claims. Plaintiff notes that his first claim, patent interference brought under 35 U.S.C. § 146, was filed within 60 days of the date of the decision of the Board of Patent Appeals and Interferences, as required by 35 U.S.C. § 146 and 37 C.F.R. § 1.304. Plaintiff contends that his second claim, patent infringement, does not have a statute of limitations, and that a claim for patent infringement can be brought at any time by the legal or equitable owner of a patent.

Plaintiff further contends that Defendant's affirmative defenses of laches and equitable estoppel

fail in this case. Plaintiff admits that the Patent Act recognizes laches and equitable estoppel as common law defenses in infringement actions, but contends that Defendant has failed to prove any elements of laches or equitable estoppel, as set forth in *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1030-42 (Fed. Cir. 1992). With regard to laches, Plaintiff contends that Defendant has failed to show that (1) Plaintiff delayed in filing suit for an unreasonable and inexcusable time, and (2) the delay materially prejudiced or injured Defendant. Plaintiff argues that he first learned of Defendant's allegedly fraudulent patent sometime after March 2, 1999, and has since filed actions with both the Board of Patent Appeals and Interferences and this Court. With regard to equitable estoppel, Plaintiff contends that Defendant has failed to show that (1) Plaintiff communicated something in a misleading way, (2) Defendant relied upon that communication, and (3) Defendant would be harmed materially if Plaintiff is permitted to assert any claim inconsistent with his earlier conduct. Plaintiff contends that Defendant bears the burden of proving each of the above elements of laches and equitable estoppel, and that Defendant has failed to prove any of the elements for either defense.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must

consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

DISCUSSION

A. PATENT INTERFERENCE UNDER 35 U.S.C. § 146: STATUTE OF LIMITATIONS

Defendant has requested that the Court dismiss Plaintiff's claim for patent interference, brought under 35 U.S.C. § 146, as being barred by the applicable statute of limitations. Defendant does not, however, provide any support for his position that this claim is time-barred. The statute at issue, 35 U.S.C. § 146, is clear on this point:

> Any party to an interference dissatisfied with the decision of the Board of Patent Appeals and Interferences may have remedy by civil action, if commenced within such time after such decision, **not less than sixty days**, [emphasis added] as the Director appoints or as provided in Section 141 of this title, unless he has appealed to the United States Court of Appeals for the Federal Circuit, and such appeal is pending or has been decided. ...

Chapter 37, Section 1.304 of the Code of Federal Regulations, promulgated under 35 U.S.C. § 146, is also clear on this point:

> 37 C.F.R. § 1.304: Time for appeal or civil action.
>
> (a)(1) The time for filing the notice of appeal to the U.S. Court of Appeals for the Federal Circuit (§ 1.302) or for commencing a civil action (§ 1.303) is two months from the date of the decision of the Board of Patent Appeals and Interferences. If a request for rehearing or reconsideration of the decision is filed within the time period provided under 1.197(b) or 1.658(b), the time for filing an appeal or commencing a civil action shall expire two months after action on the request. ...

On June 30, 2004, the Board of Patent Appeals and Interferences rendered a decision with regard to the

'700 patent. Plaintiff filed for reconsideration, and, on July 22, 2004, the Board confirmed its decision. On September 21, 2004, less than two months after the Board's decision, Plaintiff filed this action for patent interference. Therefore, Plaintiff's action for patent interference under 35 U.S.C. § 146 is timely.

B.  PATENT INFRINGEMENT: STATUTE OF LIMITATIONS, LACHES, AND EQUITABLE ESTOPPEL

Defendant has also requested dismissal of Plaintiff's second claim for patent infringement as barred by the State of Washington's statutes of limitations for actions sounding in contract and tort. Plaintiff's claim for patent infringement, however, is governed by the Federal Patent Act and federal common law, not by state statute. Defendant's confusion may be due to Plaintiff's complaint, which lists *patent interference* under 35 U.S.C. § 146 as his first claim, and then fails to state *patent infringement* as his second claim. Instead, under the heading of Plaintiff's second claim, Plaintiff requests the remedies of (1) declaratory judgment, (2) injunction, and (3) restitution, accounting, and disgorgement, but does not name his cause of action. The traditional remedy for Plaintiff's first claim, patent interference under 35 U.S.C. § 146, is an order stating that Plaintiff is entitled to ownership of the disputed patent, not the whole host of remedies requested by Plaintiff. It appears, therefore, that Defendant has presumed that Plaintiff's second claim is for either breach of contract or tort. Plaintiff's requested remedies, however, are traditional equitable remedies for a patent infringement claim, and it's clear from the language in Plaintiff's pleadings that Plaintiff intended his second claim to be patent infringement, not breach of contract or tort. Therefore, the Court must look to patent infringement as a cause of action to determine whether the Plaintiff's second claim is time-barred.

Under 35 U.S.C. § 281, Congress has declared that, during the seventeen-year term of a patent, the "patentee shall have remedy by civil action for infringement of his patent." Congress has created no other limitations period with respect to the commencement of a patent infringement action. The only

applicable statute of limitations, found at 35 U.S.C. § 286, provides, in part, that "no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action."

In the absence of a general limitations period, courts have applied the traditional doctrine of laches when determining issues of timeliness in the patent infringement context. Laches is an equitable defense, the appropriateness of which "must be determined in each case under its particular factual situation." *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 616 F.2d 1315, 1325 (5th Cir. 1980). A finding of laches or estoppel is a matter within the trial court's discretion. *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992). Because of the lack of a limitations period, courts have, by analogy, applied the six-year period found in 35 U.S.C. § 286 to the doctrine of laches. *Leinoff v. Louis Milona & Sons, Inc.*, 726 F.2d 734, 741 (Fed. Cir. 1984).

To assert laches, a defendant must prove that the plaintiff unreasonably and inexcusably delayed in bringing the infringement claim and that material prejudice to the defendant resulted from the delay. *Jamesbury Corp. v. Litton Indus. Prods. Inc.*, 839 F.2d 1544, 1552 (Fed. Cir. 1988). When unreasonable and inexcusable delay in bringing the claim has been found, the Federal Circuit has applied the doctrine of laches to bar claims for patent infringement. *Hottel Corp. v. Seaman Corp.*, 833 F.2d 1570, 1572-73 (Fed. Cir. 1987).

In *Aukerman*, 960 F.2d at 1028, the Federal Circuit clarified the principles of laches as a defense in an infringement suit as follows:

> The court has taken this case in banc [sic] to clarify and apply principles of laches and equitable estoppel which have been raised as defenses in this patent infringement suit. In summary, for reasons to be more fully discussed, we hold with respect to laches:

1. Laches is cognizable under 35 U.S.C. § 282 (1988) as an equitable defense to a claim for patent infringement.

2. Where the defense of laches is established, the patentee's claim for damages prior to suit may be barred.

3. Two elements underlie the defense of laches: (a) the patentee's delay in bringing suit was unreasonable and inexcusable, and (b) the alleged infringer suffered material prejudice attributable to the delay. The district court should consider these factors and all of the evidence and other circumstances to determine whether equity should intercede to bar pre-filing damages.

4. A presumption of laches arises where a patentee delays bringing suit for more than six years after the date the patentee knew or should have known of the alleged infringer's activity.

5. A presumption has the effect of shifting the burden of going forward with evidence, not the burden of persuasion.

The above case law indicates that a presumption of laches arises when a plaintiff delays more than six years after the date in which they knew, or should have known, of the infringement. In the case before the Court, Plaintiff's claim for patent infringement was filed on September 21, 2004. Plaintiff contends that he discovered the alleged infringement in "early 1999," less than six years before this action was filed. Amended Complaint, at 4. Defendant contends that Plaintiff learned of the alleged infringement on March 17, 1997, and supports this contention by citing a letter dated December 18, 2000 from Defendant's attorney. Dkt. 41, at 1. In the letter, Defendant's attorney states that Defendant plans to allege tortuous interference with contractual relationships at some time in the future. Dkt. 34-3. Defendant fails by a wide margin to explain in any way how this letter shows that Plaintiff knew, or should have known, of the alleged patent infringement prior to 1999. Indeed, Defendant offers no explanation at all regarding how he arrived at his conclusion that Plaintiff knew, or should have known, about the alleged infringement prior to 1999. Further, the application for the disputed patent in this case was filed by Defendant on November 17, 1997, and the patent was awarded to Defendant on March 2, 1999, long after the March 17, 1997 date cited by defendant. In the absence of any evidence to the contrary, Plaintiff's contention

that he discovered the alleged infringement in early 1999 should be used to determine the timeliness of Plaintiff's action for patent infringement. Therefore, there is no presumption of laches in this case, because Plaintiff has not delayed for six years or more in bringing his claim.

In the absence of the presumption of laches, the party asserting laches must show (1) the patentee's delay in bringing suit was unreasonable and inexcusable, and (2) the alleged infringer suffered material prejudice attributable to the delay. *Aukerman,* 960 F.2d at 1028. Defendant has not offered any evidence that supports either element for the defense of laches. Defendant has asserted that Plaintiff's claims are time-barred, but has not offered any explanation as to why, other then to recite the State of Washington's statute of limitations for contracts and torts, which clearly do not apply in this case. Specifically, Defendant has not offered anything to support the premise that Plaintiff's delay was unreasonable and inexcusable. While Plaintiff did wait to file his infringement claims until the conclusion of the interference proceedings before the Board of Patent Appeals and Interferences, delay due to disputes over ownership of patents has been recognized as a reasonable cause for delay. *Aukerman*, 960 F.2d at 1033. Further, Defendant has not offered evidence that he has been materially prejudiced or injured by Plaintiff's delay in bringing this action. Such prejudice or injury caused by delay may be economic or evidentiary. *Aukerman*, 960 F.2d at 1033. Defendant has shown neither economic injury through Plaintiff's delay, or evidentiary difficulties in obtaining material discovery or testimony due to Plaintiff's delay. In sum, Defendant has failed by a wide margin to justify his defense of laches.

Defendant also contends that Plaintiff's claim for patent infringement should be dismissed under the theory of equitable estoppel. When a defendant asserts the defense of estoppel, he or she has the burden of showing that all elements of the estoppel defense are met. Thus, to prevail on a summary judgment motion on a defense of estoppel, the moving party must show that there is no genuine issue of material fact on all points. *Young Eng'rs, Inc. v. United States Int'l Trade Comm'n*, 721 F.2d 1305, 1317

(Fed. Cir. 1983). Although the defenses of laches and estoppel are frequently raised together, they have different requirements and different effects on the rights of the patent owner. In *Aukerman*, 960 F.2d at 1028, with respect to equitable estoppel against an infringement claim, the Federal Circuit held that:

> 1. Equitable estoppel is cognizable under 35 U.S.C. § 282 as an equitable defense to a claim for patent infringement.
>
> 2. Where an alleged infringer establishes the defense of equitable estoppel, the patentee's claim may be entirely barred.
>
> 3. Three elements must be established to bar a patentee's suit by reason of equitable estoppel:
>
>> a. The patentee, through misleading conduct, leads the alleged infringer to reasonably infer that the patentee does not intend to enforce its patent against the alleged infringer. "Conduct" may include specific statements, action, inaction, or silence where there was an obligation to speak.
>>
>> b. The alleged infringer relies on that conduct.
>>
>> c. Due to its reliance, the alleged infringer will be materially prejudiced if the patentee is allowed to proceed with its claim.
>
> 4. No presumption is applicable to the defense of equitable estoppel.

Defendant has failed to show that any of the above elements for estoppel have been met in this case, and Defendant has not provided any reasons why the Court should find that equitable estoppel is justified. The facts pled by Defendant do not support the first element, that is, that Plaintiff misled Defendant into believing that Plaintiff would not enforce his rights against Defendant. To the contrary, the facts strongly indicate that Plaintiff has pursued this claim, in one forum or another, since learning about the alleged infringement in 1999. Further, the facts before the Court do not support that Defendant relied on Plaintiff's words or conduct, and do not support that Defendant will be materially prejudiced, either through economic loss or evidentiary hardship, if Plaintiff is allowed to proceed with his claim. In sum, Defendant has failed by a wide margin to meet his burden of showing that the elements of estoppel

ORDER
Page - 10

have been met.

## ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Cross Motion for Summary Judgment on Statutes of Limitations, Laches and Equitable Estoppel (Dkt. 41) is **DENIED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 19th day of October, 2005.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge